980 F.2d 1421
 ALABAMA DAIRY PRODUCTS ASSOCIATION, INC.; Baker & Sons
Dairy, Inc., Barber Dairies, Inc.; Dairy Fresh
Corporation and Kinnett Dairies, Inc.,
Plaintiffs-Appellees,
v.
Clayton YEUTTER, as Secretary, U.S. Department of
Agriculture, Defendant-Appellant.
 No. 91-7455.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 13, 1993.
 
 Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., Edward Cohen, Barbara Herwig, Dept. of Justice, Civ. Appellate Div., Washington, D.C., for defendant-appellant.
 Benjamin F. Yale, Gall, Yale & Hoy, Waynesfield, Ohio, for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and MORGAN, Senior Circuit Judge.
 TJOFLAT, Chief Judge:
 
 I.
 
 1
 The Agricultural Marketing Agreement Act (AMAA), 7 U.S.C. §§ 601-624 (1988), empowers the Secretary of Agriculture (Secretary) to promulgate milk marketing orders (orders) regulating the price and handling of milk products. These orders divide the nation into geographical regions and set the prices for the various classes of milk products. The AMAA requires the Secretary to issue and amend such orders, 7 U.S.C. § 608c(1), whenever he finds, after public notice and an opportunity for a hearing, that an order or amendment would tend to effectuate the policy of the Act. 7 U.S.C. §§ 608c(3)-(4).
 
 
 2
 In this case, the Secretary proposed to merge four southeastern milk orders. He gave the proper public notice and set a date for the hearing. The Alabama Dairy Products Association, Inc. (ADPA), an association of dairy processors, wanted the Secretary to schedule a hearing on its alternative merger proposal as well, but the Secretary refused to do so.[1]
 
 
 3
 ADPA thereafter sought an injunction in the United States District Court for the Middle District of Alabama to prevent the Secretary from going forward with the proposed hearing "until ADPA's proposals ... have been added to the notice of hearing." The Secretary, claiming the district court lacked subject matter jurisdiction to entertain the action, moved to dismiss ADPA's complaint. The district court found that it had jurisdiction under 28 U.S.C. § 1331 (1988),[2] and 7 U.S.C. §§ 601-624,[3] and granted a permanent injunction.[4] The Secretary appeals. We reverse.
 
 II.
 
 4
 Congress, in enacting the AMAA, gave milk handlers the right to challenge milk orders in the United States district courts.[5] Milk handlers may exercise this right, however, only after they exhaust the available statutory remedy.[6] The AMAA provides:(A) Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition.... After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.
 
 
 5
 (B) The District Courts of the United States ... are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling.... If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires....
 
 
 6
 7 U.S.C. § 608c(15). The explicit statutory language thus requires handlers to petition the Secretary and have a hearing before seeking review in a federal district court.
 
 
 7
 The Secretary argues that the district court erred in entering the injunction because the district court lacked subject matter jurisdiction due to ADPA's failure to exhaust its administrative remedies.[7] We agree.
 
 
 8
 In the case at hand, ADPA did not avail itself of the remedy provided by the AMAA. For this reason, and in light of Supreme Court precedent, we must find that the district court lacked subject matter jurisdiction. ADPA should have participated in the rulemaking hearing, announced any objections it may have had to the merger order, and then exhausted its administrative remedies before seeking review in federal court.
 
 
 9
 The district court dismissed this exhaustion requirement by claiming that 7 U.S.C. § 608c(15)(A) "pertains to a review of grievances after an order has been issued and, thus, is not pertinent to the question at hand concerning a pre-hearing complaint." This reasoning flatly contradicts section 608c(15)'s language. If the statutory review procedures do not apply to an order before it issues, the administrative process could be interrupted at every step by injunctive orders. It would be perverse to permit an aggrieved handler, at its mere whim, to repair to the district court and interrupt the administrative process before an order issues, but insist that the handler exhaust the administrative remedies after the order issues. Such a practice would undermine the Secretary's ability to function effectively, and would thwart Congressional intent as to when judicial review should occur.
 
 
 10
 In addition, public policy favors the exhaustion of administrative remedies. First, the major purpose of the requirement is to prevent the courts from interfering with the administrative process until the proceedings end. See McKart v. United States, 395 U.S. 185, 193-94, 89 S.Ct. 1657, 1662-63, 23 L.Ed.2d 194 (1969); see also Haitian Refugee Center v. Smith, 676 F.2d 1023, 1034 (5th Cir.1982). Permitting the agency to reach a final action affords the Secretary an opportunity to exercise his expertise. See West v. Bergland, 611 F.2d 710, 715-16 (8th Cir.1979), cert. denied, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). The Supreme Court has noted that
 
 
 11
 [t]he regulation of agricultural products is a complex, technical undertaking. Congress channelled disputes concerning marketing orders to the Secretary in the first instance because it believed that only he has the expertise necessary to illuminate and resolve questions about them.
 
 
 12
 Block, 467 U.S. at 347, 104 S.Ct. at 2455. Moreover, requiring a handler to use the administrative review process before going to court gives the Secretary an opportunity to correct his own errors which may prevent the need for any judicial action. See West, 611 F.2d at 716.
 
 
 13
 Second, allowing handlers to appeal at every step of the rulemaking process risks enormous delays of the administrative proceedings and threatens the Secretary's ability to perform his appointed duty. As the Supreme Court has noted, "[t]he interests of the entire industry need not be disturbed in order to do justice to an individual case." Ruzicka, 329 U.S. at 293-94, 67 S.Ct. at 210. Here, ADPA has delayed an appropriate administrative response to an existing problem for two years. Should such appeals be routinely available, handlers could delay governmental responses to problems nearly indefinitely.
 
 
 14
 Third, allowing the sort of interlocutory review the district court provided in this case would have the unseemly result of having federal judges supervise the Secretary's statutorily mandated discretion. See Jean v. Nelson, 727 F.2d 957, 985 (11th Cir.1984) (Tjoflat, J., concurring in part and dissenting in part). Even less appealing than the specter of federal judges second-guessing the discretionary authority of an executively appointed Cabinet officer, the court would be forced to make difficult evidentiary inquiries which were intended for the Secretary to make in the first instance. See Rogers v. Bennett, 873 F.2d 1387, 1396 (11th Cir.1989). The proper configuration of a milk market is a complex and fact-intensive question that Congress explicitly left to the initial determination of the Secretary. We will not permit the district courts to substitute their judgment as to the proper agenda for a marketing order hearing for that of the Secretary.
 
 III.
 
 15
 For the foregoing reasons, we find that ADPA did not exhaust the administrative remedies provided in the AMAA and, thus, that the district court did not have subject matter jurisdiction. Accordingly, we vacate the district court injunction and direct the district court to dismiss the case.
 
 
 16
 IT IS SO ORDERED.
 
 
 
 [1]
 ADPA proposed the merger of three additional orders with the four the Secretary proposed to merge, for a total of seven combined orders
 
 
 [2]
 28 U.S.C. § 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
 
 
 [3]
 Nothing in sections 601-24 independently grants the United States district courts jurisdiction to entertain a complaint such as ADPA had filed
 
 
 [4]
 The court permanently enjoined the Secretary and his agents
 from holding any hearing ... [relating to the proposed merger] unless and until they either (a) place Plaintiffs' proposal on the agenda of the aforementioned hearings or (b) provide this Court with nonarbitrary grounds ... showing that the proposed marketing agreement or marketing order will not tend to effectuate the declared policy of the Act or that, for other proper reasons, a hearing should not be held on the proposal.
 
 
 [5]
 Congress gave this right to handlers (of milk and the other agricultural commodities covered by the AMAA) only. See Block v. Community Nutrition Inst., 467 U.S. 340, 352-53, 104 S.Ct. 2450, 2457-58, 81 L.Ed.2d 270 (1984) (holding that the statutory provision for judicial review does not extend to consumers who challenge milk orders). The Secretary claims that ADPA is not a handler for purposes of § 608c(15). We assume without deciding that ADPA is a handler. Even so, because we find that the district court lacked jurisdiction, we need not address that argument
 
 
 [6]
 See United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946) (holding that a milk handler must exhaust statutory remedies before challenging a promulgated order as an affirmative defense); Saulsbury Orchards & Almond Processing, Inc. v. Yeutter, 917 F.2d 1190, 1196 (9th Cir.1990) (finding that an almond handler was required to exhaust administrative remedies); see also United States v. Riverbend Farms, Inc., 847 F.2d 553, 558-59 (9th Cir.1988) (following Ruzicka); Rasmussen v. Hardin, 461 F.2d 595, 597-98 (9th Cir.), cert. denied, 409 U.S. 933, 93 S.Ct. 229, 34 L.Ed.2d 188 (1972) (affirming that a producer-handler must exhaust administrative remedies to challenge an order). But see National Farmers Org., Inc. v. Lyng, 695 F.Supp. 1207, 1210-11 (D.D.C.1988) (finding that Secretary's decision not to include a proposal on a hearing agenda was reviewable)
 
 
 [7]
 Because we find that the district court lacked subject matter jurisdiction, we need not address the Secretary's other arguments